HALL, Judge.
Rick Allen Peterson appeals from the second amended order which finds him to be $17,213 in arrears in child support payments and adjudicates him to be in contempt of court. We agree with the appellant’s argument that the trial court erred in sentencing him to ninety days in the county jail for failure to pay the purge amount.
An order or judgment directing a party to pay child support creates a presumption that the party has the ability to make the support payments. In a civil contempt proceeding for failure to pay child support, a trial court must evaluate the evidence to determine whether the defaulting party has the ability to pay support and has willfully refused to comply with the court order. If the court finds the party to be in contempt, it must then make a separate finding that the party has the present ability to pay the purge amount before incarceration can be imposed. Bowen v. Bowen, 471 So.2d 1274 (Fla.1985).
In the present case, the only evidence presented at the hearing concerning the appellant’s financial status was the ap-pellee’s affidavit which stated that “the Ex-Husband is believed to continue to have the ability to contribute child support....” This was insufficient evidence on which to base a determination that the appellant had sufficient assets or income to enable him to pay the purge amount. We therefore find that the trial court erred in sentencing the appellant to incarceration.
Accordingly, we reverse and remand for further proceedings consistent with this opinion.
DANAHY, A.C.J., and PARKER, J., concur.