613 So.2d 561 (1993)
Bernard E. DRAGLAND, Appellant,
v.
Barbara E. DRAGLAND, Appellee.
No. 92-01433.
District Court of Appeal of Florida, Second District.
February 3, 1993.
*562 David M. Wall, Clearwater, for appellant.
Barbara E. Dragland, pro se.
CAMPBELL, Acting Chief Judge.
Appellant Husband, who was ordered to be incarcerated for civil contempt of court for failing to pay his court-ordered $1,700 per month alimony to appellee Wife, raises three issues challenging the contempt order and attendant incarceration. We affirm that portion of the order finding him in contempt, but reverse the incarcerative provision.
This is not the first time these parties have been before us. In the previous appeal, we affirmed the trial court's denial of Husband's motion to modify his alimony obligation because, despite Husband's substantial change in circumstances, Husband had made no appreciable effort to satisfy his court-ordered alimony obligation. We found Husband to be suffering from unclean hands, but suggested that once Husband satisfied the clean hands problem, by making some effort to meet his obligations, he could again seek modification. Dragland v. Dragland, 584 So.2d 46 (Fla. 2d DCA 1991) [Dragland I]. Husband did not subsequently seek modification, however. Rather, this case is before us on Wife's motion to have Husband held in contempt for failing to pay.
Within six months of our decision in Dragland I, Wife moved to hold Husband in contempt, stating that he was $33,201 in arrears. On April 7, 1992, the court found Husband in willful contempt of court and ordered him incarcerated for ninety days, setting the purge amount at $6,500. The $6,500 figure was determined by multiplying the estimated $340 per month that Husband had spent on alcohol and cigarettes by nineteen, the number of months that Husband had not paid any alimony.
At the contempt hearing, the court acknowledged that there was no way Husband could pay Wife the $32,300, less the $2,000 he had allegedly paid, in arrearages. However, the court stated that "if as regard to alcohol and tobacco where there is a will there is a way, then with regard to spousal support there should be where there is a will there is a way." The court concluded that if Husband had regularly paid Wife something, for example the $340 per month he had been spending on alcohol and cigarettes, the court would not have found him in contempt. It was Husband's total failure to attempt to meet his obligation that caused the court to find Husband in willful contempt of court and order him incarcerated as a result.
On July 6, 1992, the parties entered a stipulation to stay enforcement of the contempt order pending disposition of this appeal, and on July 22, 1992, the trial court entered an amended order of contempt adding that its previous findings had a sufficient evidentiary basis and that the record adequately established Husband's financial ability to make his support payments. It did not add a finding that Husband had the ability to pay the purge amount.
Husband argues that contempt was not proper here because his failure to make his alimony payments was not willful. We *563 disagree. Husband's failure to pay remains as willful now as it was when this court refused to modify the alimony due to Husband's unclean hands.
Husband's argument is based on the general rule that a court may find a party in civil contempt only for willful failure to obey a previous court order. It is his position that his failure to obey was not willful because he did not have the ability to pay either the alimony payments or the purge amount. He argues further that this court's statement (that his changed circumstances would mandate a modification were it not for his unclean hands) establishes that Husband does not in fact have the ability to make his alimony payments.
We are not persuaded. Husband's hands remain unclean. He has not made any effort to comply with this court's suggestion that he "wash" his hands. He has not made any payments without being ordered to do so. We can only conclude that, despite the warnings of this court and the trial court, Husband is incorrigible. We agree with the trial court that if Husband had made some regular effort to make a payment, contempt would have been unnecessary and modification would have been in order. Husband's complete failure in these matters renders this the classic case of contempt.
Moreover, having already said in Dragland I that Husband could not obtain a modification of alimony until he "washed" his hands, we cannot now find that Husband, although he still has unclean hands, cannot pay and cannot, therefore, be held in contempt for failure to pay. To do so would nullify our previous opinion.
However, we do agree with Husband that the court erred when it ordered him incarcerated without finding that he had the present ability to pay the purge amount. In Peterson v. Peterson, 553 So.2d 733 (Fla. 2d DCA 1989), this court stated: "If the court finds the party to be in contempt, it must then make a separate finding that the party has the present ability to pay the purge amount before incarceration can be imposed. Bowen v. Bowen, 471 So.2d 1274 (Fla. 1985)."
The contempt order here found that Husband had the "present ability to pay on his alimony obligation," but did not make the required separate affirmative finding that he could pay the purge amount. Although the court did, in its order, make several observations regarding Husband's chronic alcohol abuse, his remarriage, his lack of effort and his regular pension income, we do not believe that these findings, even though they may bear on his ability to pay, are of the type envisioned by the court in Bowen as satisfying the finding requirement.
We, therefore, reverse only the incarcerative portion of the contempt order with instructions that the trial court determine whether Husband has the ability to pay the purge amount and, if he does, to make a separate finding to that effect. If Husband cannot pay the purge amount, the court should vacate the incarcerative portion of the contempt order, but may impose any other sanction with which Husband is able to comply. See Bowen.
THREADGILL and PATTERSON, JJ., concur.