ORDER

Richard E. Brown was held in contempt of court because he failed to pay his court-ordered child support and sentenced to jail for “not less than 30 days.” He has appealed contending he lacks (and lacked at the time of the contempt hearing) the present ability to make the purge payment.
This matter is before us now on a motion for an order staying the arrest portion of the Order of Contempt until the appeal is decided. Because of vagueness of the Order of contempt, we grant the stay order until we can review the record. Although the trial court found that Brown “has the ability to meet his child support obligations as previously ordered by this Court,” there was no finding that he had the present ability to meet the $1,254.78 purge amount. See Dragland v. Dragland, 613 So.2d 561 (Fla. 2d DCA 1993).
Further, the trial court seems to have contemplated an automatic conversion of the civil contempt order into a criminal contempt order after fourteen days if Brown didn’t come up with the money because after that time he is sentenced to an indefinite period [“of at least thirty days”] without providing any purge amount. There is no indication that Brown was afforded his due process rights for a criminal contempt hearing.
Although the trial court recognized Brown indigent for the purposes of filing this appeal, it held him able to pay for the transcript of the contempt hearing. Obviously we cannot determine if the record established support for a finding of present ability to pay if we are not provided the transcript showing what evidence was presented. Brown claims he is unemployed, living out of his automobile and dependent on friends for minimal support.
We temporarily grant the requested stay order preventing Brown’s incarceration until the record of the contempt hearing is made available to us for our review. The costs of such transcript will be taxed at a later date.
It is so ORDERED.
HARRIS, C.J., and DIAMANTES and THOMPSON, JJ., concur.